Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA  92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorneys for Applicants*
*Min-ji Kim, et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, and H.I.L.,<br><br>　　　Applicants. | ) CASE NO. 5:24-mc-80160<br>)<br>) ***APPLICANTS' EX PARTE*** **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN A FOREIGN PROCEEDING; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. Section 1782, Applicants Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, and H.I.L. ("**Applicants**") hereby move *ex parte* for an order authorizing limited discovery for use in a civil matter in the Republic of Korea ("**Application**"). As set forth in the proposed subpoena, the Applicants seek limited discovery from Google LLC ("**Google**"), which is an entity located in this district.

United States district courts, including this district, have commonly decided Section 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery

1

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.,* 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (citation omitted); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (In discussing Section 1782, the court noted that "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte"); Frischknecht and Lindsey, *Evidence gathering in aid of foreign proceedings in the US and England,* International Bar Association, August 4, 2021 at https://www.ibanet.org/evidence-gathered-foreign-proceedings-US-England (last visited June 26, 2024). For the reasons stated herein, the Applicants respectfully request this Court decide the Application on an *ex parte* basis.

This Section 1782 request is supported by the accompanying memorandum of points and authorities, proposed subpoena, exhibits and the Declarations of Mun Hui Kim and Donghoon Shin, all of which are filed concurrently herewith.

Dated: June 27, 2024                  STREAM KIM HICKS WRAGE & ALFARO, PC.


/s/ _____

Eugene Kim

*Attorneys for Applicants*
*Min-ji Kim, et al.*

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................6

II.     FACTUAL BACKGROUND ...............................................................................6

        A.      Civil Matter in the Republic of Korea ...................................................6

        B.      Limited Discovery Sought From Google ..............................................10

III.    JURISDICTION AND VENUE ........................................................................10

IV.     LEGAL STANDARD .......................................................................................11

V.      ARGUMENT ....................................................................................................11

        A.      This Application Meets All of the Statutory Requirements of Section 1782 ........11

        B.      Each of the *Intel* Discretionary Factors Weigh in Favor of Granting this Application .......................................................................................12

                1.      Google is a nonparticipant in the Korean Civil Matter ............................12

                2.      Korean Tribunals are receptive to U.S. judicial assistance ......................13

                3.      The Applicants are not seeking to circumvent any restrictions or policies on proof gathering ..........................................................14

                4.      The Applicants' request is not unduly intrusive or burdensome ..............16

VI.     CONCLUSION .................................................................................................18

CERTIFICATE OF COMPLIANCE ..........................................................................19

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108 (9th Cir. 2015)............................. 12

*Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80035-DMR, 2023 WL 3874022 (N.D. Cal. June 6, 2023) ...................................................................................................................................... 15

*In re Ex Parte Application of Akiko Isogai*, Case No. 22-mc-80327 SVK, 2023 WL 3035418 (N.D. Cal. Jan. 20, 2023) .................................................................................... 17

*In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029 (N.D. Cal. 2016)............... 16

*In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016)............................................................... 13, 14

*In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348 (N.D. Cal. July 25, 2019) ...................................................................................................................................... 17

*In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) ....... 14

*In re Kim*, No. 5:24-mc-80072-PCP, 2024 WL 1898453 (N.D. Cal. Apr. 30, 2024).................... 14

*In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440 (N.D. Cal. Mar. 15, 2019) ...................................................................................................................................... 17

*In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021) ................................................................................................................................ 17

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557 (9th Cir. 2011) ...................................................................................................................................... 11

*In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015).......... 13

*In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.*, No. 23-mc-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023)....................................................... 12, 13, 17

*In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109 (N.D. Cal. 1977) ......................................................................................... 13

*In re Starship Entm't Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May. 24, 2023) ................................................................................................................... 14

*In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711 (N.D. Cal. Nov. 16, 2021) ............... 16

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ..................................... *passim*

*Khrapunov v. Prosyankin*, 931 F.3d 922 (9th Cir. 2019) ........................................................... 11

*Milkovich v. Lorain Journal*, 497 U.S. 1 (1990)........................................................................ 16

4

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. 12-cv-80242 EJD, 2013
WL 256771 (N.D. Cal. Jan. 23, 2013) ................................................................ 17

*Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907 (N.D. Cal. 2019) ................................ 14

*Takagi v. Twitter, Inc*., No. 22-mc-80240-VKD, 2023 WL 1442893 (N.D. Cal. Feb. 1,
2023) .................................................................................................................. 15

*United States v. Google LLC*, —— F. Supp. 3d ——, 2023 WL 5725518 (N.D. Cal. Sept.
5, 2023) ......................................................................................................... *passim*

*Zuru, Inc. v. Glassdoor, Inc*., 614 F.Supp.3d 697 (N.D. Cal. 2022) ............................................ 15

**Statutes**

28 U.S.C. § 1331 ...................................................................................................... 10

28 U.S.C. § 1391 ...................................................................................................... 10

28 U.S.C. § 1782 .................................................................................................. *passim*

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

The Applicants are members of a female K-pop group named NewJeans, who have come under attack by an anonymous individual(s) posting false, defamatory and harassing short-form videos of a sexualized nature on YouTube. These inappropriate and sexually suggestive comments were also made against the member of NewJeans who is a minor. To address these attacks on YouTube, the Applicants filed a civil lawsuit in the Republic of Korea ("**Korea**"). Unfortunately, without the YouTuber(s)' personally identifiable information ("**PII**") the civil court case cannot proceed.

To date, the Applicants' attempts to locate the real identity of this anonymous person(s) through publicly available information have been unsuccessful. Shin Decl. ¶ 10. As a result, the Applicants now need the assistance of this Court.

As set forth below, the Applicants satisfy all the statutory requirements under Section 1782, and the discretionary factors weigh in favor of the Court exercising its discretion to grant this Application. Moreover, this Application does not prevent Google from objecting or moving to quash the requests made in the proposed subpoena, which is attached as **Exhibit A**.

### II.     FACTUAL BACKGROUND

#### A.  Civil Matter in the Republic of Korea

ADOR Co., Ltd. ("**ADOR**"), is a Korean entertainment company and music label established in 2021 under the laws of Korea and its principal place of business is in Korea. Shin Decl. ¶ 3. In 2022, ADOR formed NewJeans, a female K-pop group consisting of five members: Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, and H.I.L. (the "**Applicants**"). *Id*. at ¶ 4.

An unidentified person(s) using the YouTube handle "@Chu_reub" (the "**YouTuber(s)**") published around thirty three (33) short-form videos ("**Shorts**"[1]) about the Applicants between

/ / /

---

[1] Short-form videos typically last up to 60 seconds. See https://www.youtube.com/intl/en_id/creators/shorts/.

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

April 19, 2024 and May 16, 2024[2] on his or her YouTube channel titled "Chureub" (Korean original: "츄릅"). *Id*. ¶ 5, Ex. 1. The YouTube channel is active as of June 17, 2024[3] and has 209 subscribers.

The YouTube Shorts contain false, defamatory and harassing statements about the Applicants. *Id*. ¶ 6. These include but are not limited to the following:

1. YouTube Short titled "It's Hard" (English translation),[4] dated April 29, 2024, shows a clip of Hae-rin Kang holding a large stick with a voiceover saying: "I saw it stick out in the morning, I saw it stick out during class, it sticks out when I need to pee" (English translation). This manipulated Short received approximately 700 views and 12 'likes' as of June 17, 2024. *Id.* ¶ 6(a).

2. YouTube Short titled "Big Buttocks" (English translation),[5] dated May 1, 2024, shows a clip of Hae-rin Kang focusing on her buttocks with voiceover music of a Korean nursery rhyme with the lyrics: "Butt our baby's butt" (English translation). This manipulated Short received approximately 639 views and 9 'likes' as of June 17, 2024. *Id.* ¶ 6(b).

3. YouTube Short titled "Looking At Bare Feet" (English translation),[6] dated May 1, 2024, shows a clip of H.I.L. (a minor), Hae-rin Kang, and Ji-hye Mo with beach towels wrapped around their bodies with a voiceover saying: "Guys do you know there are places you feel satisfaction when you touch your own body? I'm not sure if you've heard of 'masturbation'. Masturbation is satisfaction when you touch your own body.." (English translation). This manipulated Short received approximately 650 views and 7 'likes' as of June 17, 2024. *Id.* ¶ 6(c).

4. YouTube Short titled "I Love Milk" (English translation),[7] dated May 3, 2024, shows a clip of Phạm Ngọc Hân focusing on her breasts with voiceover music of a Korean / / / /

---

[2] All date and time references are based on Korea Standard Time (KST).
[3] https://www.youtube.com/@Chu_reub.
[4] https://www.youtube.com/watch?v=HgpWsUnvAHg; see Shin Decl. ¶ 6(a) for the Korean original text at issue.
[5] https://www.youtube.com/watch?v=F9E_9seXEA4; see Shin Decl. ¶ 6(b) for the Korean original text at issue.
[6] https://www.youtube.com/watch?v=yHiwImeY62o; see Shin Decl. ¶ 6(c) for the Korean original text at issue.
[7] https://www.youtube.com/watch?v=H23reABB1Mg; see Shin Decl. ¶ 6(d) for the Korean original text at issue.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

5.   nursery rhyme with the lyrics: "I like milk, I like milk" (English translation). This manipulated Short received approximately 600 views and 8 'likes' as of June 17, 2024. *Id.* ¶ 6(d).

6.   YouTube Short titled "Poo Tank" (English translation),[8] dated May 10, 2024, shows a clip of Hae-rin Kang focusing on her buttocks with voiceovers stating: "Woah it looks so yummy" (English translation) and "it looks yummy" (English translation). This manipulated Short received approximately 590 views and 12 'likes' as of June 17, 2024. *Id.* ¶ 6(e).

Furthermore, the YouTuber(s) posted defamatory and harassing comments of a sexual nature about the Applicants on the YouTube platform. *Id.* ¶ 7, Ex. 2. These include but are not limited to the following:

1.   In the comment section of a YouTube clip about the Applicants, the YouTuber(s) stated on or about May 23, 2024: "I use the word 'self-made contents' in a different way. I refer it to mean that I watch NewJeans and control my dick in a thick and powerful way. I watch the members even today and try hard" (English translation).[9] *Id.* ¶ 7(a). The YouTuber(s)'s comment was a reply to another user, who stated: "I didn't know the word 'self-made contents' before and have never looked up idol videos in my life but you really don't know one's life" (English translation). *Id.*

2.   In the comment section of the same YouTube clip, the YouTuber(s) stated on or about May 23, 2024: "To cheer for girl group with my genital area" (English translation). *Id.* ¶ 7(b). The YouTuber(s)' comment was a reply to another user, who stated: "Why do you live?" (English translation). *Id.*

3.   In the comment section of the same YouTube clip, the YouTuber(s) stated on or about May 23, 2024:  "I want to make them a mom happily with multiple kids" (English

///

---

[8] https://www.youtube.com/watch?v=a8Ku9pCaw4Q; see Shin Decl. ¶ 6(e) for the Korean original text at issue.
[9] https://www.youtube.com/watch?v=6ExTQx1gzLk&list=PLNy-PdPlJT7GIZycus7PvS7FiPJhrtMyI&index=1; see Shin Decl. ¶ 7(a) for the Korean original text at issue.

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

4.  translation). *Id*. ¶ 7(c). The YouTuber(s)' comment was a reply to another user, who stated: "NewJeans, always be happy" (English translation). *Id*.

In addition, it appears that the YouTuber(s) created a new YouTube handle "@newJJuts" and created a new YouTube channel titled "Min Hee Jit" (Korean original: "민희짓") around May 2024. *Id*. ¶ 8, Ex. 3. The YouTuber(s) continued to post defamatory and harassing comments of a sexual nature about the Applicants using this new YouTube handle. *Id*. ¶ 8, Ex. 4. These include but are not limited to the following:

1.  In the comment section of a YouTube clip about the Applicants, the YouTuber(s) stated on May 24, 2024: "I watch their cuteness and shake the Binky Bong between my legs that grew thick" (English translation).[10] *Id*. ¶ 8(a). The YouTuber(s)' comment was a reply to another user, who stated: "Hye-in is so cute hahaha" (English translation). *Id*.

2.  In the comment section of the same YouTube clip, the YouTuber(s) stated on May 24, 2024: "Even if a part-time employee blocks me I'm going to stick close like gum and leave comments. My forever No. 0 masturbation tool NewJeans" (English translation). *Id*. ¶ 8(b). The YouTuber(s)' comment was a reply to another user, who stated: "Guys don't disappear like a bubble, stick close to me like gum. I cherish and adore you very much. My forever No. 0 NewJeans" (English translation). *Id*.

Sometime between May 29, 2024 and June 2, 2024, it appears that the YouTuber(s) changed his or her YouTube handle from "@newJJuts" to "@BoJeans" and the name of his or her YouTube channel also changed from "Min Hee Jit" (Korean original: "민희짓") to "BoJeans" (Korean original: "보진스"). [11] *Id*. ¶ 9, Ex. 5.

The YouTuber(s)' Shorts contain numerous false, defamatory and/or harassing statements about the Applicants, all of which inflict significant reputational harm to Applicants and constitute torts under Korean civil law. *Id*. ¶¶ 10, 12, 14; Kim Decl. ¶¶ 5-6. Moreover, the YouTuber(s)

---

[10] https://www.youtube.com/watch?v=wP-IVGgNj-I; see Shin Decl. ¶ 8(a) for the Korean original text at issue.

[11] When the public enters in the URL https://www.youtube.com/@newJJuts, it directs the public to the "BoJeans" YouTube channel (also accessible at https://www.youtube.com/@boJeans). "Jut" is a vulgar term referring to female chest and "BoJee" is a vulgar term referring to female genital area in Korean. Any native Korean speakers would think of those words when encountering "newJJuts" or "boJeans".

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

published the Shorts in Korean and used Korean language words and expressions that appear to indicate he or she is a native Korean speaker(s) located in Korea, as opposed to non-Korean citizen(s) residing outside of Korea. Shin Decl. ¶ 11; Kim Decl. ¶ 4.

On June 26, 2024, the Applicants filed a civil lawsuit in Korea against the YouTuber(s) under Korean civil law ("**Civil Matter**"). The Applicants claim defamation pursuant to Articles 750 and 751 of the Civil Act of Korea. Shin Decl. ¶ 12; Kim Decl. ¶¶ 5-6.

### B.  Limited Discovery Sought From Google

Google is an American multinational company with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Kim Decl. ¶ 9, Ex. 1. Google owns and operates YouTube, which is one of the world's largest social media platforms where users can share videos and post comments on message boards.[12] To upload content onto YouTube, users need to log into their Google account after they initially create a YouTube channel or handle.[13]

Without the real identity of the YouTuber(s), the Applicants will be unable to proceed with the Civil Matter. Shin Decl. ¶ 13; Kim Decl. ¶ 8. The subpoena is narrowly tailored to seek documents from Google that will reveal the YouTuber(s)' identity through his or her PII in the subject Google accounts. Kim Decl. ¶¶ 8, 14.

### III.      JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this Application is made under 28 U.S.C. § 1782(a). Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1782(a) because the party from whom discovery is sought "resides or is found" in this district, as discussed herein.

/ / /

---

[12] *See* Fed. R. Evid. 201(b) (the information provided about Google and the YouTube platform are generally known within the court's jurisdiction, or can be accurately and readily verified from the sources noted below whose accuracy cannot be reasonably questioned); WebWise.ie, *Explained: What is YouTube?*, https://www.webwise.ie/parents/what-is-youtube/ (last visited June 26, 2024); YouTube, Terms of Service (dated January 5, 2022), https://www.youtube.com/static?template=terms (last visited June 26, 2024).
[13] Google LLC, YouTube Help, Create a YouTube channel, https://support.google.com/youtube/answer/1646861?hl=en (last visited June 26, 2024).

10

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

#### IV.      LEGAL STANDARD

This Court is authorized to grant a Section 1782 application "where three general requirements are satisfied: (1) the person(s) from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); *see also* 28 U.S.C. § 1782(a).

In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court identified four factors that district courts should consider when exercising their discretion to grant Section 1782 discovery applications:

> [1] whether "the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

In exercising this discretion, district courts consider the twin aims of the statute: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our [U.S.] courts." *Intel*, 542 U.S. at 252. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist [in the U.S.]." *Id*. at 263.

#### V.      ARGUMENT

**A. This Application Meets All of the Statutory Requirements of Section 1782**

As set forth herein, this Application meets the requirements of Section 1782.

First, Google "resides" or "is found" in this district within the meaning of Section 1782, because its principal place of business is Mountain View, California, which is located in this

11

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

judicial district. Kim Decl. ¶ 9, Ex. 1; *see also United States v. Google LLC*, ⎯ F. Supp. 3d ⎯ ⎯, 2023 WL 5725518, at *9 (N.D. Cal. Sept. 5, 2023) (citations omitted).

Second, the Applicants seek discovery to proceed with the Civil Matter in Korea. Kim Decl. ¶¶ 8, 14. A proceeding in the foreign jurisdiction need only be "within reasonable contemplation," rather than be "pending" or "imminent," to satisfy this second statutory requirement. *Intel*, 542 U.S. at 259. Here, the Applicants have brought a civil action against the YouTuber(s) in Korea and are seeking the YouTuber(s)' identity to proceed with the Civil Matter. Kim Decl. ¶¶ 5, 8; *see also In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.*, No. 23-mc-80016-BLF, 2023 WL 2394545, at *3 (N.D. Cal. Mar. 7, 2023) (finding the second statutory factor met where discovery was sought for use in "a civil proceeding in a foreign tribunal—the Seoul Central District Court").

Third, the Applicants brought the Civil Matter because the anonymous YouTuber(s) committed acts against them that constitute violations of civil law. Kim Decl. ¶¶ 5-7. Thus, the Applicants satisfy the third statutory requirement of being an "interested person." *Intel*, 542 U.S. at 256-57 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke [Section] 1782"); *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (an "interested person" includes "litigants before foreign or international tribunals … as well as any other person whether he [or she] be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.").

**B. Each of the *Intel* Discretionary Factors Weigh in Favor of Granting this Application**

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of this Court granting this Application.

**1. Google is a nonparticipant in the Korean Civil Matter**

The first factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Supreme Court recognized that the district courts' assistance is needed the most when the evidence is sought from a non-participant in a

12

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

foreign proceeding. *Id*. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Google is not named in the Korean Civil Matter. Kim Decl. ¶ 9. Since Google and the requested documents are located in this district, which is outside the Korean courts' jurisdictional reach over nonparticipants, evidence available from Google through a United States federal court proceeding is unobtainable by the Applicants in Korea absent Section 1782(a). *Id*. ¶ 9; Ex. 1; *see Intel*, 542 U.S. at 264. Accordingly, this first factor weighs heavily in favor of granting this Application.

### 2. Korean Tribunals are receptive to U.S. judicial assistance

Next, the Supreme Court requires this Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016). There is a long history of Korean tribunals requesting and receiving U.S. judicial assistance under Section 1782. *See In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114 (N.D. Cal. 1977) (granted Seoul District Criminal Court's request for bank records); *In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *1-2 (N.D. Cal. Mar. 11, 2015) (granted Korean National Court Administration's request for information and documents from Google, Inc.); *In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.,* No. 23-mc-80016-BLF, 2023 WL 2394545, at *1 (N.D. Cal. Mar. 7, 2023) (granted Seoul Central District Court's request seeking information to identify four anonymous Instagram users who defamed or insulted a plaintiff in a Korean civil proceeding).

/ / /

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

13

Additionally, in "the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782," courts tend to "err on the side of permitting discovery." *See In re Ex Parte Application of Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016); *see also Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907, 915 (N.D. Cal. 2019) (citation omitted). In other words, discovery is favored unless there is clear evidence that the foreign tribunal would reject the evidence sought.

Here, the Korean courts are receptive to the U.S. federal court's assistance in discovery matters, including through Section 1782 requests for information to identify persons who anonymously publish statements on social media platforms. Kim Decl. ¶ 10. By contrast, there are no Korean laws or policies that limit or otherwise prevent the U.S. federal courts from assisting the Applicants obtain discovery in order to identify the YouTuber(s) in the manner proposed in this Application. *Id.* ¶¶ 11-12. As stated above, Korean courts have a history of seeking judicial assistance from federal courts and courts in this district have in the past granted Section 1782 discovery for use in Korean court proceedings. For the foregoing reasons, this second factor weighs heavily in favor of granting this Application.

### 3.  The Applicants are not seeking to circumvent any restrictions or policies on proof gathering

The third factor directs the court to consider "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. As a court in this district previously held, "[t]his factor will weigh in favor of discovery if there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions.'" *In re Starship Entm't Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May. 24, 2023) (quoting *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)); *see also In re Kim,* No. 5:24-mc-80072-PCP, 2024 WL 1898453, at *1 (N.D. Cal. Apr. 30, 2024) (granting interested parties' Section 1782 request in aid of a Korean criminal matter asserting defamation and criminal insult against an anonymous YouTuber).

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

### a. The Applicants are Seeking PII to Proceed with the Civil Matter

Here, the Applicants are not attempting to circumvent any "foreign proof-gathering restrictions" or "other policies" of Korea or the United States. Kim Decl. ¶ 13. In fact, the opposite is true. The Applicants' Korean counsel notes this information is needed to pursue the Civil Matter in Korea and anticipates that the requested PII will be admissible in the Korean court. *Id*. ¶¶ 13-14.

### b. The First Amendment Does Not Apply

In *United States v. Google LLC*, —— F. Supp. 3d ——, 2023 WL 5725518, at *1-2 (N.D. Cal. 2023), a court in this district analyzed the issue of the First Amendment in the context of a Section 1782 request seeking an anonymous individual's PII ("Name, Gender, Phone Number, Date of Birth, etc.") from Google related to a South Korean civil action.

First, the court recognized that "Foreign citizens who are outside United States territory . . . do not possess any rights under the United States Constitution." *United States v. Google LLC*, 2023 WL 5725518, at *12 (citations omitted). Second, "[t]he court f[oun]d persuasive several recent opinions concluding that . . . U.S. free-speech principles should not be determinative factors" in evaluating the third discretionary factor "where the evidence does not indicate that the anonymous speakers are entitled to First Amendment protections." *Id.* at *12-13 (citing *Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80035-DMR, 2023 WL 3874022, at *7-8 (N.D. Cal. June 6, 2023) (holding the third discretionary factor did not weigh against granting § 1782 application seeking the identity of anonymous speaker, where there was no evidence indicating that the speaker was entitled to First Amendment protections); *Takagi v. Twitter, Inc.*, No. 22-mc-80240-VKD, 2023 WL 1442893, at *7 (N.D. Cal. Feb. 1, 2023) (rejecting assertion that subpoena seeking identity of anonymous speaker circumvented the U.S.' "pro-free speech policy," because "First Amendment protections do not apply to non-citizens outside the territory of the United States"); *Zuru, Inc. v. Glassdoor, Inc.*, 614 F.Supp.3d 697, 707 (N.D. Cal. 2022) ("Although the United States may have a pro-free-speech policy, . . . it doesn't reflect a U.S. policy of protecting free speech around the world.")).

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

As set forth in the declarations supporting this Application, the YouTuber(s)' handle and the words and phrases used in the original Korean language Shorts indicate that the YouTuber(s) is highly likely to be a native Korean speaker and reside in Korea. Shin Decl. ¶ 11; Kim Decl. ¶ 4, fn. 2. Moreover, there is nothing to indicate that the statements were made by a U.S. citizen. Shin Decl. ¶ 11; Kim Decl. ¶ 4, fn. 1.

Third, the court noted that the applicant alleged that the anonymous individual knowingly made false statements about the applicant, which if taken as true "likely would not be protected by the First Amendment even in the United States." *United States v. Google LLC*, 2023 WL 5725518, at *13 (citing *In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711, at *3 n.1 (N.D. Cal. Nov. 16, 2021); *see Milkovich v. Lorain Journal*, 497 U.S. 1, 22 (1990) (discussing the necessary balance between ensuring "First Amendment protection for defendants in defamation actions" and recognizing society's "pervasive and strong interest in preventing and redressing attacks upon reputation")). Here, the Applicants allege defamation, harassment and false statements. Shin Decl. ¶ 12; Kim Decl. ¶¶ 5-7.

For the foregoing reasons, the third factor weighs heavily in favor of granting this Application.

**4. The Applicants' request is not unduly intrusive or burdensome**

The last factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Supreme Court noted that requests that are too burdensome *in part* may be "trimmed" so that the requests can be partially authorized. *Id.*

While requests that seek confidential information or are broad "fishing expedition" for irrelevant information may be unduly intrusive or burdensome, *In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016), the Applicants' requests are narrow in scope and number. The Applicants' proposed subpoena is limited to requests for documents about the YouTuber(s)' name(s), date(s) of birth, gender(s), and address(es), which the Applicants need to proceed with the Civil Matter and which Google maintains in the regular course of business. *See* Ex. A; Kim Decl. ¶ 14; *see also United States v. Google LLC*, 2023 WL

16

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

5725518, at *15; *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (**name, address**, email, phone number, and **name on credit cards**, etc.); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (granting discovery from Google under Section 1782); *In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.,* No. 23-mc-80016-BLF, 2023 WL 2394545, at *4 (N.D. Cal. Mar. 7, 2023) (allowing discovery of information from Meta regarding the **names, dates of birth**, email **addresses**, cell phone numbers, and IP addresses associated with specific user accounts where the request was "narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendants").

Additionally, judges in this district have previously recognized that a subpoena that does not seek the content of any communications associated with an account at issue does not violate the Stored Communications Act. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. 12-cv-80242 EJD, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 et seq.); *In re Ex Parte Application of Akiko Isogai*, Case No. 22-mc-80327 SVK, 2023 WL 3035418, at *3 (N.D. Cal. Jan. 20, 2023) ("the subpoena seeks only the names and addresses of the person(s) whose credit card is associated with the Google accounts and does not seek disclosure of credit card numbers or any other sensitive information."); *In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a subpoena for account-user credit card information to the name and address). Here, the proposed subpoena does not seek the content of any communications, nor does it seek sensitive financial information (e.g., credit card numbers).

Accordingly, this last factor weighs in favor of the Applicants because their requests for documents are narrow, are not intrusive or burdensome, and Google has a right to object, or seek a protective order.

/ / /

/ / /

/ / /

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

## VI.    CONCLUSION

For the reasons stated above, the Applicants respectfully request this Court exercise its discretion under Section 1782 to grant this Application and permit the Applicants to issue the proposed subpoena to Google in aid of the Korean civil proceeding.


Dated: June 27, 2024                    STREAM KIM HICKS WRAGE & ALFARO, PC.


_/s/_ _____
Eugene Kim

*Attorneys for Applicants*
*Min-ji Kim, et al.*

18

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

1

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record, certifies that this brief contains 4,305 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 27, 2024          STREAM KIM HICKS WRAGE & ALFARO, PC.

_/s/ Eugene Kim_____

Eugene Kim

*Attorneys for Applicants*
*Min-ji Kim, et al.*

CERTIFICATE OF COMPLIANCE

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

**Exhibit A**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Ex Parte Application of Min-ji Kim, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. 5:24-mc-80160

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Google LLC

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: By email to: eugene.kim@streamkim.com<br>By mail to: Eugene Kim, 3477 McKee Rd #1012<br>San Jose, CA 95127 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

|        CLERK OF COURT       |            |
|---|---|
| | OR |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, and H.I.L.,          , who issues or requests this subpoena, are:
Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501; eugene.kim@streamkim.com; (951) 783-9470

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit A**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**ATTACHMENT A**</u>

## I.    <u>Definitions</u>

A.    The term "Document" or "Documents" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

B.    The term "Google Account No. 1" means the Google account(s) and/or YouTube account(s) registered or otherwise linked to the person(s) who created, uses and/or otherwise logs in to the YouTube channel titled "Chureub" (Korean original: 츄릅") which is accessible from the URL https://www.youtube.com/@Chu_reub.

C.    The term "Google Account No. 2" means the Google account(s) and/or YouTube account(s) registered or otherwise linked to the person(s) who created, uses and/or otherwise logs in to the YouTube channel titled "Min Hee Jit" (Korean original: "민희짓") which is accessible from the URL https://www.youtube.com/@newJJuts and/or YouTube channel titled "BoJeans" (Korean original: "보진스") which is accessible from the URL https://www.youtube.com/@boJeans.

## II.    <u>Requests for Production</u>

1.    All Documents that identify the (1) name(s), (2) date(s) of birth, (3) gender(s), and (4) address(es) of the person(s) who created, uses and/or otherwise logs in to Google Account No. 1.

2.    All Documents that identify the (1) name(s), (2) date(s) of birth, (3) gender(s), and (4) address(es) of the person(s) with credit cards and/or other payment methods registered with Google Account No. 1.

    *Please note this request does not seek the actual credit card numbers, bank account numbers or passwords to such payment methods.

1

3.      All Documents that identify the (1) name(s), (2) date(s) of birth, (3) gender(s) and (4) address(es) of the person(s) who created, uses and/or otherwise logs in to Google Account No. 2.

4.      All Documents that identify the (1) name(s), (2) date(s) of birth, (3) gender(s), and (4) address(es) of the person(s) with credit cards and/or other payment methods registered with Google Account No. 2.

*Please note this request does not seek the actual credit card numbers, bank account numbers or passwords to such payment methods.